IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| SMITH & NEPHEW, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORTHWEST ORTHO PLUS, INC.; TOM ) <br> CORBETT; BARRETT DOWNS; BRIAN ) <br> KYM; JIM WORKLAND; MICHAEL JAY ) <br> BARR; A1A, INC.; and AVENUE ) <br> MEDICAL PRODUCTS, LLC, ) <br> ) <br> Defendants. ) | No. 2:12-cv-02476-JPM-dkv |

**ORDER DENYING DEFENDANTS' MOTIONS FOR RECONSIDERATION OF THE PRELIMINARY INJUNCTION**

Before the Court are the Motion by Defendants Workland and Kym for Reconsideration of the Breadth and Duration of the Preliminary Injunction Against Them (ECF No. 165), which was filed on January 5, 2013, and the Motion by Defendant Michael Jay Barr for Reconsideration of the Breadth and Duration of the Preliminary Injunction Against Him (ECF No. 166), which was filed on January 8, 2013.[1]  In their Motions, Defendant James Joseph Workland, Jr. ("Workland"), Defendant Brian Craig Kym ("Kym"), and Defendant Michael Jay Barr ("Barr") (collectively, "Defendants") request that the Court narrow the preliminary injunction granted in the Order Granting Plaintiff's Application

---

[1] Defendant Michael Jay Barr has separate representation and, therefore, submitted separate filings.

for Preliminary Injunction (ECF No. 162) in the following two respects:  that the list of customers that Defendants are enjoined from serving be narrowed to those customers that Defendants had relationships with while employed by Smith & Nephew; and that the duration of the preliminary injunction be limited to "extend only to the earlier of the following:  (1) the end of the arbitration, (2) a decision by the arbitrator to dissolve the injunction, or (3) one year from the date of the Court's Order granting the injunction."  (ECF No. 165 at 1; ECF No. 166 at 1-2.)

Plaintiff Smith & Nephew, Inc. ("Plaintiff" or "Smith & Nephew"), responded in opposition on January 18, 2013.  (ECF No. 168.)  Pursuant to leave of the Court (ECF No. 170), Defendants Workland and Kym filed a reply in support of their Motion on January 27, 2013.  (ECF No. 171.)  Defendant Barr did not seek leave of the Court to file a reply in support of his Motion.

For the reasons stated below, Defendants' Motions for reconsideration of the preliminary injunction (ECF No. 165; ECF No. 166) are DENIED.

I.   BACKGROUND

In late May, 2010, Defendants signed Sales/Service Representative Agreements with Smith & Nephew that contained noncompete clauses.  (See ECF No. 1-2 at 57, 75, 93.)  The

noncompete clauses in the Sales/Service Representative Agreements state that the "Service Rep shall not, for a period of up to twelve (12) months[,] . . . [c]all upon, solicit, or initiate efforts to divert in any way customers served by Service Rep on behalf of [Smith & Nephew] in the Restricted Area (as defined herein)." (Id. at 54, 72, 90.)

In mid-April, 2012, Workland, Kym, and Barr signed contracts to be sales representatives for A1A, Inc. ("A1A"). (Hr'g Ex. 35; Hr'g Ex. 43; Hr'g Ex. 48.) A1A distributes products of DePuy Orthopaedics, Inc., that compete with Smith & Nephew products. (Tr. 252:3-20.)

On June 19, 2012, Plaintiff filed a Complaint for Injunctive Relief in the Circuit Court of Tennessee for the Thirtieth District at Memphis. (ECF No. 1-2 at 1-17.) On that same day, Defendants A1A and Avenue Medical Products, LLC, removed the action to this Court pursuant to 28 U.S.C. § 1332.[2] (ECF No. 1.) On June 21, 2012, Smith & Nephew filed a Motion for Temporary Restraining Order (ECF No. 13), and, on June 22, 2012, the Court denied that Motion (ECF No. 22).

On August 20, 2012, Smith & Nephew filed an Application for Preliminary Injunction. (ECF No. 102.) On August 20, 2012, the

---

[2] On August 23, 2012, Smith & Nephew's claims against Defendants A1A and Avenue Medical Products, LLC, were dismissed for lack of personal jurisdiction. (See ECF No. 112.)

parties filed pre-hearing briefs on that Motion.  (ECF No. 102; ECF No. 103; ECF No. 105.)

The Court held a hearing on the Plaintiff's Application for Preliminary Injunction from August 21, 2012, to August 22, 2012. (See ECF No. 109; ECF No. 110.)  At the hearing, Plaintiff called the following witnesses:  Defendant Thomas Andrew Corbett ("Corbett"); Defendant Emory Barrett Downs ("Downs"); Defendant Workland; Defendant Kym; Defendant Barr; and Allen Lewis Kepler ("Kepler"), who is Smith & Nephew's Regional Vice President for the West Region (Tr. 249:11-12).  (ECF No. 143; ECF No. 144; see also ECF No. 111.)  All of those witnesses were cross-examined by Defense counsel.  (ECF No. 143; ECF No. 144.)  Defendants then called David Tully Eva ("Eva"), who is the sole owner of A1A (Eva Dep., ECF No. 136-10, at 25), and he was cross-examined by Plaintiff's counsel.  (ECF No. 144; see also ECF No. 111.)

The Court also allowed post-hearing deposition designations and submission of additional exhibits.  (Tr. 349-61, 404-05.) On August 24, 2012, Defendants Northwest Ortho Plus, Inc., Corbett, Downs, Workland, and Kym, designated parts of the deposition testimony of Corbett, Downs, Workland, Kym, Barr, Eva, Kepler, Smith & Nephew-employee Benjamin Kremer ("Kremer"), Smith & Nephew-employee David Ware ("Ware"), Smith & Nephew-employee Teresa Steen ("Steen"), Smith & Nephew-employee Jerry Goodman ("Goodman"), A1A-employee John Froman ("Froman"), and

4

A1A-employee John Neighbours ("Neighbours"). (ECF No. 113.) On that same day, Defendant Barr designated parts of the deposition testimony of Barr, Kepler, Steen, and Goodman. (ECF No. 115.) Also on that same day, Plaintiff filed two additional exhibits: an email from Kym to A1A-employee Doug Wray and Downs (ECF No. 114-1); and a list of voicemails received by Corbett from March to June of 2012 (ECF No. 114-2). On August 27, 2012, Defendants Northwest Ortho Plus, Inc., Corbett, Downs, Kym, and Workland filed the designated depositions and various attachments to those depositions. (ECF Nos. 117-34.)

On August 28, 2012, Plaintiff filed counter-designations and the depositions of Corbett, Downs, Workland, Kym, Froman, Kremer, Barr, Ware, Steen, Eva, and Kepler. (ECF No. 136; ECF Nos. 136-1 to 136-11.) In the document containing Plaintiff's counter-designations, Plaintiff also filed objections to Defendants' designations of the deposition testimony of Corbett, Workland, Barr, Froman, Kremer, Eva, Kepler, and Neighbours. (ECF No. 136.)

On August 30, 2012, Defendants Northwest Ortho Plus, Inc., Corbett, Downs, Kym, and Workland filed objections to Plaintiff's counter-designations of the depositions of Corbett, Downs, and Eva. (ECF No. 141.) In that same document, those Defendants also responded to Plaintiff's objections regarding Corbett, Workland, Kremer, Eva, Kepler, and Neighbours. (Id.)

On that same day, Defendant Barr filed objections to the Plaintiff's counter-designation of Barr's deposition and responded to Plaintiff's objections regarding Barr's deposition testimony.  (ECF No. 142.)

On September 21, 2012, Plaintiff filed a post-hearing brief in support of their Application for Preliminary Injunction. (ECF No. 145.)  On September 28, 2012, Defendants Northwest Ortho Plus, Inc., Corbett, Downs, Kym, Workland, and Barr filed post-hearing briefs in opposition to Plaintiff's Application for Preliminary Injunction.  (ECF No. 150; ECF No. 152.)  In their post-hearing brief, Defendants Northwest Ortho Plus, Inc., Corbett, Downs, Kym, and Workland attached declaration testimony of Corbett, Downs, Kym, Dr. Adam Olscamp, and Dr. Gregory D. Dietrich.  (ECF Nos. 150-1 to 150-5.)  With leave of the Court (ECF No. 157), those Defendants also filed declaration testimony of Dr. Douglas McInnis on October 2, 2012.  (ECF No. 158-1.)

On December 18, 2012, after considering all of the evidence and arguments presented by the parties, the Court entered the Order Granting Plaintiff's Application for Preliminary Injunction.  (ECF No. 162.)  In that Order, the Court granted a preliminary injunction pursuant to the terms enumerated in Smith & Nephew's Complaint, which consisted of a list of the entities that Defendants are enjoined from contacting and a duration

extending until the end of arbitration between the parties. (Compare ECF No. 162 at 61-63, with ECF No. 1-2 at 14-16.)

On January 1, 2013, and January 8, 2013, Defendants timely filed Motions to reconsider the preliminary injunction pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). (Compare ECF No. 162, with ECF No. 165, and ECF No. 166.)

## II. ANALYSIS

The Court first determines whether Defendants' Motions are proper under Rule 59(e), and then determines whether Defendants are entitled to relief under Rule 59(e).

### A. Defendants Properly Brought Their Motions Under Rule 59(e).

Defendants brought their Motions for reconsideration of the preliminary injunction pursuant to Rule 59(e). (ECF No. 165 at 1; ECF No. 166 at 1.) Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Plaintiff argues that "Rule 59(e), by its very language, applies only to motions to alter or amend a judgment. Judgment has not been rendered in this case, so Rule 59(e) cannot provide the relief requested by Defendants." (ECF No. 168 at 1-2.)

Plaintiff is mistaken: a preliminary injunction is a "judgment" for the purposes of Rule 59(e). "'Judgment' as used in [the Federal Rules of Civil Procedure] includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a).

7

Pursuant to federal statute, "the courts of appeals shall have jurisdiction of appeals from: . . . [i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1) (2006). As a result, the Court's grant of a preliminary injunction constitutes a "judgment," and Defendants can seek to "alter or amend" the preliminary injunction pursuant to Rule 59(e). See Gooch v. Life Investors Ins. Co. of Am., 672 F.3d 402, 414 n.2 (6th Cir. 2012); Hunter v. Hamilton Cnty. Bd. of Elections, 635 F.3d 219, 232 (6th Cir. 2011).

**B. Defendants Are Not Entitled to Relief Under Rule 59(e).**

Defendants argue that, pursuant to Rule 59(e), "[m]anifest injustice would result if Workland and Kym were prohibited from calling upon the numerous accounts listed in the Order where they have not developed relationships on behalf of Smith & Nephew."[3] (ECF No. 165 at 3.) Regarding the duration of the preliminary injunction, Defendants argue that it is "possible" (id. at 7), or "quite likely" (ECF No. 166 at 3), "that the length of the arbitration proceedings could cause the restrictive period to last longer than the one-year non-compete

---

[3] In his Motion, Defendant Barr adopts the reasoning in Defendants Workland and Kym's Motion: "Mr. Barr joins in the motion of the other two Defendant service representatives, Workland and Kym, and requests that the Preliminary Injunction be narrowed in two respects." (ECF No. 166 at 1 (footnote omitted).) The Court, therefore, will address Defendant Barr's Motion separately only if he makes an argument that is distinct from that of Defendants Workland and Kym.

period specified in the contracts, which would work an injustice by providing a benefit to Smith & Nephew that was not included in the parties' agreement" (ECF No. 165 at 7-8; ECF No. 166 at 3; see also ECF No. 1-2 at 54, 72, 90).

Plaintiff argues that the preliminary injunction is not manifestly unjust. (ECF No. 168 at 2.) Plaintiff argues, in part, that "[t]he injunction granted is precisely the injunction [Smith & Nephew] requested in its original Complaint filed on June 19, 2012, yet Defendants claim they failed to present evidence or argument regarding the scope of that request." (Id.; see also ECF No. 1-2 at 14-16; ECF No. 162 at 61-63.) Regarding the duration of the preliminary injunction, Plaintiff argues that "the arbitration may take less than one year" (ECF No. 168 at 6) and that it is premature to speculate as to the length of the arbitration: "The arbitration has begun, and scheduling will occur shortly. Until that time [sic] has occurred, it is not known when the arbitration can be concluded" (id. at 7; see also ECF No. 167).

A party "cannot use a Rule 59 motion . . . 'to raise arguments which could, and should, have been made before judgment issued.'" Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010) (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)). "Indeed, this court has long held that '[a]

9

Rule 59(e) motion . . . is not the proper vehicle to raise arguments that should have been made before judgment.'" Moore v. Coffee Cnty., TN, 402 F. App'x 107, 109 (6th Cir. 2010) (alterations in original) (quoting Russell v. GTE Gov't Sys. Corp., 141 F. App'x 429, 434 (6th Cir. 2005)) (stating that the plaintiff cited no authority that could support a finding of "manifest injustice under Rule 59(e) when the movant neglected to raise the issue before" the court entered judgment).

In the instant case, Defendants admit that they did not raise the arguments in their Motions before the preliminary injunction was entered.

> At the preliminary injunction hearing, Defendants aimed at avoiding, rather than narrowing, the Plaintiffs' [sic] requested injunction, and they therefore did not focus their proof on the fact that Workland and Kym had relationships with only a small minority of the customers listed in Smith & Nephew's Complaint, though that fact is part of the evidence presented to the Court and is not subject to reasonable dispute.[4]

(ECF No. 165 at 2-3.) According to this statement, Defendants may have introduced evidence before judgment issued that supports the arguments they raise in their currently pending Motions. That, however, is irrelevant: it does not change the fact that Defendants are now trying "to raise arguments which

---

[4] Defendant Barr made no statement asserting that he made the arguments in Defendants Workland and Kym's Motion prior to the Court's grant of the preliminary injunction. Rather, he merely states that "[f]or the reasons given in Defendant Workland and Kym's motion for reconsideration, Mr. Barr respectfully requests to have the injunction narrowed to those customers actually serviced by Mr. Barr." (ECF No. 166 at 2.)

could, and should, have been made before judgment issued." See Leisure Caviar, 616 F.3d at 616 (internal quotation marks omitted).  Defendants, therefore, are not entitled to relief under Rule 59(e).  See id.

Regarding the duration of the preliminary injunction, and the possibility that the arbitration will last for more than one year from the date of the Court's grant of the preliminary injunction, "should [the defendants'] conjectural harm[] come to pass, [the defendants] can move to modify the injunction" pursuant to Federal Rule of Civil Procedure 60(b)(5).  See Saieg v. City of Dearborn, 641 F.3d 727, 741 (6th Cir. 2011) (citing Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty., 466 F.3d 391, 395 (6th Cir. 2006)).

### III. CONCLUSION

For the reasons stated above, Defendants' Motions for reconsideration of the preliminary injunction (ECF No. 165; ECF No. 166) are DENIED.

**IT IS SO ORDERED,** this 12th day of February, 2013.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
CHIEF U.S. DISTRICT JUDGE